**Kevin PLACE, Plaintiff—Appellant,**

v.

**CITY OF EUGENE; Randall B. Groves; Joe Zaludek, Defendants—Appellees.**

**No. 08–35219.**

United States Court of Appeals, Ninth Circuit.

Submitted June 2, 2009.*

Filed June 8, 2009.

Larry L. Linder, Esquire, Kevin T. Lafky, Lafky & Lafky, Salem, OR, for Plaintiff–Appellant.

James Edward Mountain, Jr., Jona J. Maukonen, Esquire, Harrang Long Gary Radnick, PC, Portland, OR, Nicole Rachael Commissiong, Esquire, Harrang Long Gary Rudnick P.C., Eugene, OR, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. Similar analysis applies under § 1981 and Title VII. *See Fonseca v. Sysco Food Servs. of*

Before: O'SCANNLAIN, FERNANDEZ, and FISHER, Circuit Judges.

MEMORANDUM **

Kevin Place appeals from the district court's grant of summary judgment to the City of Eugene and the individual officers. The facts are known to the parties and need not be repeated here, except as necessary to explain our decision.

Place has failed to adduce evidence sufficient to establish a genuine issue of material fact as to his claims of disparate impact and retaliation under 42 U.S.C. § 1981, Title VII, and Oregon Revised Statutes section 659A.030. He does not demonstrate that "similarly situated employees not in [his] protected class received more favorable treatment," *see Moran v. Selig,* 447 F.3d 748, 753 (9th Cir.2006), nor does he establish a "causal link" between any protected activity on his part and the employment actions in question, *see Manatt v. Bank of Am.,* 339 F.3d 792, 800 (9th Cir.2003) (internal quotation marks and citation omitted).[1]

For similar reasons, Place's equal protection claim under 42 U.S.C. § 1983 fails. Furthermore, absent a showing of a "legitimate claim of entitlement" in uninterrupted employment with the City, he cannot prevail on his due process claim. *Bd. of*

---

*Ariz., Inc.,* 374 F.3d 840, 850 (9th Cir.2004) (disparate treatment); *Manatt,* 339 F.3d at 800–01 (retaliation). Place relies only on federal authority, thus to the extent the calculus differs under state law, such claims are waived. *See Thomas v. City of Beaverton,* 379 F.3d 802, 812 n. 5 (9th Cir.2004).

*Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Place has not presented evidence showing his decisions to take sick leave and file for worker's compensation in any way impacted the employment actions at issue. Thus, he cannot proceed on his claims under the federal Family and Medical Leave Act, the Oregon Family Leave Act, or Oregon Revised Statutes section 659A.040. *See Bachelder v. Am. W. Airlines, Inc.,* 259 F.3d 1112, 1125 (9th Cir. 2001); *Chase v. Vernam,* 199 Or.App. 129, 110 P.3d 128, 135 (2005).

Place's intentional infliction of emotional distress claim is without merit. *See McGanty v. Staudenraus,* 321 Or. 532, 901 P.2d 841, 849 (1995).

Accordingly, the judgment of the district court is

**AFFIRMED.**